IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FBME Bank Ltd., <br><br> FBME Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> JACOB LEW <br> in his official capacity as Secretary of the Treasury, <br><br> U.S. DEPARTMENT OF THE TREASURY, <br><br> JENNIFER SHASKY CALVERY in her official capacity as Director of the Financial Crimes Enforcement Network, <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK, <br><br> Defendants. | Civil Action No. 1:15-CV-1270 CRC |

**DEFENDANTS' STATUS REPORT**

Defendants Jacob Lew, Secretary of the Treasury; Jennifer Shasky Calvery, Director of the Financial Crimes Enforcement Network, and the Financial Crimes Enforcement Network ("FinCEN"), hereby submit an individual status report in accordance with the parties' prior joint status report filed on September 9, 2015 (ECF No. 35).

In light of the Court's August 27, 2015 order (the "Order") granting plaintiffs' motion for a preliminary injunction (ECF No. 33), and in the interest of achieving a just and efficient resolution of this case, FinCEN submits that it should undertake a voluntary remand so that it

1

may engage in further rulemaking relating to FBME Bank to address certain procedural issues raised by the court in its order. *See Ivy Sports Medicine v. Burwell*, 767 F.3d 81, 86 (D.C. Cir. 2014) (administrative agencies have "inherent authority to revisit their prior decisions…if done in a timely fashion").[1] Although FinCEN is still finalizing the details of the process, the agency would reopen the Final Rule to address certain procedural issues raised by the Court in its order, and in connection with the disclosure of relevant unclassified, nonprivileged information that was considered in FinCEN's earlier decision. This remand would allow the agency to consider any additional information or responses plaintiffs would submit, as well as any comments from the public. Defendants also believe this litigation should be stayed during the remand so as to conserve the Court's and the parties' resources. The government therefore tentatively proposes, subject to further discussion internally and with the Court, the following schedule for a remand:

**October 9** – FinCEN will publish notice of its intent to reopen the Final Rule and provide relevant unclassified, nonprivileged materials to plaintiffs;

**December 8** – Deadline for Comments on Reopened Final Rule;

**February 8** – FinCEN anticipates making a decision on the reopened Final Rule, depending on the volume of comments received;

**February 22 or within 2 weeks of FinCEN's final decision** – Deadline for status report(s) after parties to meet and confer about next steps in the litigation.

Plaintiffs have indicated that they cannot agree to the government's proposal unless, among other things, FinCEN expressly guarantees that (1) classified and/or privileged

---

[1] Plaintiffs have represented that they will oppose a voluntary remand. As discussed herein, the government believes it would be more appropriate for the Court to hold a status conference, either by telephone or in person, to discuss the parties' positions than to have the parties engage in motions practice over a straightforward matter. However, the government is prepared to file a motion for voluntary remand if requested by the Court.

information will not be "dispositive" to a final decision to impose the fifth special measure of Section 311, and (2) some accommodation is made to provide plaintiffs additional information about evidence relied upon by FinCEN that is privileged but not classified, such as Suspicious Activity Reports.[2]  FinCEN cannot agree to these demands.  The government notes that any decision by FinCEN on remand would be based on a new evaluation of the totality of the evidence, including any new information submitted by FBME or others during the comment period, and it cannot predict in advance what it will receive or how it would weigh the evidence before it.  In any event, plaintiffs' position is not supported by the Court's August 27 order, which recognized that by statute FinCEN is both authorized to rely on classified and Bank Secrecy Act information and prohibited from disclosing such information to a subject of a potential Section 311 action.

The government also submits that it is premature to set a summary judgment briefing schedule at this time.  To move for summary judgment based on the currently enjoined Rule while FinCEN pursues a new administrative proceeding would unnecessarily expend the resources of the parties and the Court and interfere in ongoing agency deliberations related to the reopened final rule.  Even if plaintiffs were to prevail on summary judgment at this juncture, the only logical remedy would be a remand order allowing FinCEN a reasonable amount of time to apply new procedures to reach a new decision on a revised record—the very process FinCEN proposes to undertake now.  By contrast, a remand and stay would allow the agency to address and remedy upfront any possible errors in its rulemaking process, consistent with the Court's ruling on Plaintiffs' motion for preliminary injunction, which indicated that its concerns involved

---

[2] Plaintiffs have also made repeated inquiries regarding certain Pricewaterhouse Cooper audits they claim were commissioned by the Central Bank of Cyprus and conducted in 2014-15.  Upon further inquiry, FinCEN has determined that to the best of its knowledge, it does not have possession of these audits and therefore does not intend to rely on them.

the agency's "procedural obligations." Mem. Op. at 18. Moreover, consideration of additional information could change the outcome of the rulemaking or the agency's reasoning. *See id.* at 16-17.

In light of the parties' inability to agree on either the remand or whether a schedule for summary judgment briefing is appropriate at this time, the government respectfully requests that the Court schedule a status conference at its earliest convenience to resolve these issues.

Dated: September 17, 2015.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

VINCENT H. COHEN, JR.
Acting United States Attorney

DIANE KELLEHER
Assistant Branch Director

 */s/ Lynn Y. Lee*
LYNN Y. LEE (CA Bar No. 235531)
AMY POWELL
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0531
Fax: (202) 616-8470
Email: lynn.lee@usdoj.gov

*Attorneys for Defendants*