**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| FBME Bank Ltd., <br><br> FBME Ltd., <br><br>       Plaintiffs, <br><br>     v. <br><br> JACOB LEW <br> in his official capacity as Secretary of the Treasury, <br><br> U.S. DEPARTMENT OF THE TREASURY, <br><br> JENNIFER SHASKY CALVERY in her official capacity as Director of the Financial Crimes Enforcement Network, <br><br> FINANCIAL CRIMES ENFORCEMENT NETWORK, <br><br>       Defendants. | Civil Action No. 1:15-CV-1270 CRC |

**DEFENDANTS' NOTICE**

At a teleconference on October 23, 2015, the Court directed Defendants to file a notice identifying the basis for withholding three documents that were submitted to the Court *ex parte* and *in camera* with Defendants' opposition to Plaintiffs' Motion for Preliminary Injunction, and explaining whether there is any other material on which the agency has relied or will rely that is not classified or protected by the Bank Secrecy Act but is being withheld from Plaintiffs.

1

As noted in the Defendants' Notice of Classified Lodging, the material submitted to the Court for *ex parte, in camera* review contained "classified and privileged portions of the administrative record in this matter."  Dkt No. 16.  And Defendants' Opposition explained that the Court and Plaintiffs were provided with those portions of the administrative record that could be assembled in time for the filing in opposition to Plaintiffs' Motion for a Preliminary Injunction.  *See* Dkt. No. 19 at 19, n. 4 & 37, n. 36.

On the basis of ongoing consultations with the originating agencies about the classification of these documents, the Government currently anticipates that four documents (Exhibits 3, 4, and 39 to the "July 14, 2015 Memorandum Supporting the Final Rule" and Exhibit 40 to the "Memorandum Supporting NOF/NPRM")—the three identified by the Court plus one other—will likely be made available in redacted form during the proceedings on remand.[1]  If the originating agency determines redactions are necessary to protect classified or privileged information, Defendants anticipate that any such redactions will be limited and will not remove any substantive information related to the Plaintiffs.  Defendants will inform the Court once the originating agency has made its final determinations regarding these documents.

---

[1] The Court directed Defendants to address Exhibits 3, 4, and 40.  The Government understands Exhibit 40 to be a reference to Exhibit 40 to the "Memorandum Supporting NOF/NPRM," which was submitted to the Court as one of the exhibits to the "July 14, 2015 Memorandum Supporting the Final Rule," with the NOF Memorandum exhibits as sub-exhibits.  If the Court was referring to Exhibit 40 to the July 14, 2015 Memorandum Supporting the Final Rule, that document is currently and properly classified in its entirety.  Exhibit 40 to the NOF Memorandum, on the other hand, is similar in nature to Exhibits 3 and 4 to the Final Rule Memorandum.  Although Exhibit 39 to the Final Rule Memorandum was not specifically identified by the Court, it is also similar in nature to Exhibits 3 and 4.

As noted in Defendants' opposition, other material submitted to the Court *ex parte*, *in camera* was either classified or protected by the Bank Secrecy Act.[2]

Upon a re-opening of the Final Rule, the Government will determine whether any additional information should be disclosed to the Plaintiffs and the public, regardless of whether that information is part of the previous record or newly gathered during the process on remand. The Government currently anticipates that the categories of information it would rely on in any further rulemaking in this case would consist of: (1) classified information; (2) Bank Secrecy Act information; (3) information provided by the Plaintiffs or other commenters; and (4) other unclassified information. If the agency ultimately reaches a decision adverse to plaintiffs, and relies upon any classified or otherwise protected or privileged information in making such a decision, the Government would identify the above categories of such information publicly to the extent possible, and would provide any such information to the Court, allowing the parties to address any related issues at that time.[3]

---

[2] The *ex parte, in camera* filing with Defendants' Opposition did not include three other unclassified but privileged documents cited in support of FinCEN's "Memorandum Supporting NOF/NPRM," or the "July 14, 2015 Memorandum Supporting the Final Rule": two were law enforcement sensitive documents (identified as Exhibits 35 and 36 to the NOF Memorandum), which the Government lacked internal authorization to submit, and the other (identified as Exhibit 20 to the Final Rule Memorandum), was mistakenly cited because it is unrelated to FBME and is also a draft, internal memorandum reflecting agency deliberations. The Government does not intend to consider those documents during the remand, and if the Government reaches a decision adverse to Plaintiffs, these documents will not be part of the subsequent administrative record.

[3] The obligation to determine what national security information to protect, how to protect it, and to whom and how much to disclose, falls to the Executive. U.S. Const. art. II, § 2, cl. 1; *Dep't of Navy v. Egan*, 484 U.S. 518, 527 (1988). As the D.C. Circuit explained in *Nat'l Council of Resistance of Iran v. Dep't of State*, 251 F.3d 192 (D.C. Cir. 2001), disclosure of classified information "is within the privilege and prerogative of the executive, and we do not intend to compel a breach in the security which that branch is charged to protect." 251 F.3d at 208–209; *Fitzgibbon v. CIA*, 911 F.2d 755, 766 (D.C. Cir. 1990) ("The assessment of harm to intelligence sources, methods and operations is entrusted to the Director of Central Intelligence, not to the courts.") (internal citation omitted).

Dated: October 30, 2015.                                   Respectfully submitted,

                                                  BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

DIANE KELLEHER
Assistant Branch Director

 */s/Lynn Y. Lee*
LYNN Y. LEE (CA Bar No. 235531)
AMY POWELL

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0531
Fax: (202) 616-8470
Email: lynn.lee@usdoj.gov

*Attorneys for Defendants*