UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **FBME BANK LTD.**; and<br><br>**FBME LTD.**,<br><br>       Plaintiffs,<br><br>       v.<br><br>**JACOB LEW**, in his official capacity as Secretary of the Treasury;<br><br>**U.S. DEPARTMENT OF THE TREASURY**;<br><br>**JENNIFER SHASKY CALVERY**, in her official capacity as Director of the Financial Crimes Enforcement Network; and<br><br>**FINANCIAL CRIMES ENFORCEMENT NETWORK**,<br><br>       Defendants. | Case No. 1:15-cv-01270-CRC |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE**

On October 23, 2015, the Court directed the Government to explain its basis for withholding several documents it relied on in promulgating its final rule imposing the fifth special measure under Section 311 of the USA PATRIOT Act against FBME Bank (the "Final Rule"). *See* Oct. 23, 2015 Hr'g Tr. 3:2–11. The Court also directed the Government to clarify the extent to which it previously withheld (or intends to withhold in future proceedings) materials that do not consist of Suspicious Activity Reports or classified materials. *Id.* 2:7–14. On October 30, 2015, the Government filed a notice purporting to answer the Court's questions. *See* ECF 47 (the "Notice"). Plaintiffs FBME Bank Ltd. and FBME Ltd. ("FBME") hereby

submit a brief response explaining why the Government's answers are not only unsatisfying but downright unsettling:

1.      The Notice studiously avoids giving a straightforward answer to the Court's straightforward question whether the Government will disclose specified documents, or else "on what basis it would continue to withhold those materials," Oct. 23, 2015 Hr'g Tr. 3:3–8.   The Government now says it "*anticipates*" that four documents "will *likely* be made available," but only to the extent that other unidentified agencies may separately permit their disclosure. ECF 47 at 2 (emphases added).   Thus, the Government commits to nothing beyond awaiting further word from unnamed agencies.   What is clear is that the Government in all events reserves the right to redact unspecified "privileged information."   *Id.*   At the same time, the Notice is *silent* about the *other* question the Court posed, which, as the Government earlier and rightly acknowledges, is whether the Government will "identify[] the basis for withholding" any such redacted information.   *Id.* at 1.   In sum, the Government has neither committed to whether it will in fact produce the documents, nor explained its justification for refusing to do so in full.

2.      Nor does the Government answer the Court's question about "the extent to which FinCEN has withheld and would intend to withhold, if the case were remanded, nonclassified non-SAR evidence that is relied on in reaching—in issuing the rule."   Oct. 23, 2015 Hr'g Tr. 2:10–14.   The Government says it "anticipates" relying on the four categories of (1) classified information, (2) Bank Secrecy Act information, (3) information provided by commenters, and (4) "other unclassified information."   ECF 47 at 3.   There, the Government is simply surveying the universe of the potential administrative record, as known to all.   When it comes to the specific category that occasions the instant concern, "other unclassified information," the

Government is perfectly opaque.   As best we can tell, however, the category ostensibly includes

*allegedly privileged* (for unspecified reasons) but unclassified information that the Government

intends both to rely upon and to withhold from FBME.   Specifically, the Government reserves

the right to "rel[y] upon . . . [unclassified] privileged information" on remand, to identify such

information only "to the extent possible," and to "provide any such information to the Court [but

apparently not to FBME], allowing the parties to address any related issues at that time."   *Id.*

Whatever "to the extent possible" and "related issues" may mean, there is every indication that

the Government plans to continue relying upon and withholding unclassified information without

substantiating the basis for doing so unless and until this Court finally rules that it cannot do so.

In this posture, FBME respectfully incorporates by reference its submission as to why summary

judgment remains not only appropriate but imperative before any remand can fairly and soundly

proceed.   *See* ECF 40 at 15–25.

> 3.      One revelation that comes clear from the Notice is both remarkable and troubling.

In a footnote, the Government discloses for the first time—after the preliminary injunction

proceedings concluded,[1] after being pressed by FBME for the administrative record as well as a

schedule for briefing summary judgment, after making its case for voluntary remand, and after

being asked by the Court about any additional documents—that it has withheld from the Court

unclassified "sensitive" (but apparently not privileged) documents that it relied upon in imposing

the Final Rule.   ECF 47 at 3 n.2.   Even while alluding to these documents and FinCEN's

---

[1]      The Government's opposition to FBME's preliminary-injunction motion stated it was providing "certain unclassified, non-privileged supporting materials that comprised part of the administrative record," and noted in a footnote that the Government was not including materials submitted by FBME.   *See* ECF 23-1 at 19–20 & n.5.   Nowhere did the Government suggest it was withholding unclassified "sensitive" documents pending approval from unnamed Government agencies.   *Cf. id.* at 19 n.4 (stating Defendants were obtaining approval to submit *classified* information but making no such claim regarding unclassified information).

substantive reliance thereon, the Government commits to withholding them from FBME as well as the Court.   Thus, rather than retreat from its withholding or defend its withholding, the Government blazes a third path for itself, by waving a wand to make the materials simply vanish from this case:   if FinCEN "reaches a decision adverse to Plaintiffs, these documents will not be part of the subsequent administrative record." *Id.*   By all indications, therefore, FinCEN is intent on reaching the same substantive outcome, while stripping out compromising aspects of the administrative record that FinCEN now considers infelicitous.   Of course, it defies credulity to suppose that FinCEN and its officers, after substantively relying on these materials and going out of their way to keep them secret, will now un-ring that bell and purge those materials from their thinking.   Unless FinCEN's officers and personnel who reviewed these documents will be altogether recused on remand, fairness dictates that the materials be disclosed to FBME so that it may respond to the relevant particulars.

4.   Finally, the Notice confirms the propriety, and, indeed, necessity of vacating the Final Rule as a prelude to any remand.   The Government's prior reliance on unclassified "sensitive" information is apparently so indefensible that it would rather bury the documents than attempt to justify its handling of them.   Similarly, the Government persists in stonewalling about its reliance and withholding of other admittedly unclassified information, even in the face of this Court's clear directive.   *Compare* ECF 47 at 2 *with* Oct. 23, 2015 Hr'g Tr. 3:7–8.   It becomes clearer and clearer that the Final Rule is fundamentally flawed—so flawed that the Government must pretend evidence does not exist rather than defend it.   If FinCEN were given every benefit of the doubt (more than the record permits and it deserves), its position seems to be that it will now revisit all evidentiary and factual premises anew *en route* to an altogether new substantive determination.   It follows that the Final Rule should be wiped away no less than the

existing administrative record that underlies it.   Although vacatur should be ordered as a matter

of course, there is now heightened warrant for it in light of the Government's Notice.   *See* ECF

33 at 13–18 (discussing Court's preliminary conclusion that withholding unclassified information

violates APA); ECF 40 at 10–12, 27–30 (discussing need for vacatur and harm to FBME

associated with Defendants' requested voluntary remand); *see also* ECF 45 at 12 n.5 (**FinCEN**:

"Given the injunction and defendants' ability to rescind the Final Rule, vacatur is not warranted,

*but defendants do not dispute that such an action is within the Court's discretion*." (emphasis

added)).

Dated:  November 3, 2015
        Washington, D.C.

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN LLP

/s/ *Derek L. Shaffer*
Derek L. Shaffer (D.C. Bar No. 478775)
William A. Burck (D.C. Bar No. 4015426)
Lauren H. Dickie (IL Bar No. 6286037)
Jonathan G. Cooper (D.C. Bar No. 999764)
777 Sixth Street NW, 11th Floor
Washington, DC 20001
(202) 538-8000


HOGAN LOVELLS US LLP

/s/ *Peter S. Spivack*
Peter S. Spivack (D.C. Bar No. 453731)
J. Evans Rice III (D.C. Bar No. 481768)
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600


*Attorneys for Plaintiffs*
*FBME Bank Ltd. and FBME Ltd*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2015, I electronically filed the foregoing Response

with the Clerk of the Court using the Court's ECF system, which will send notice of this filing to

all parties.

/s/ Derek L. Shaffer
Derek L. Shaffer