**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **FBME BANK LTD.**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**JACOB LEW**, in his official capacity as Secretary of the Treasury, *et al.*,<br><br>Defendants. | Case No. 15-cv-01270 (CRC) |

**PLAINTIFFS' REPLY IN SUPPORT OF**
**MOTION TO SUPPLEMENT THE ADMINISTRATIVE RECORD**

Plaintiffs FBME Bank Ltd. and FBME Ltd. (together, "FBME" or "Plaintiffs") have moved to supplement the administrative record with materials received and reviewed by the Financial Crimes Enforcement Network ("FinCEN") during the remand period for its new final rule ("Second Final Rule"), including a comment submitted on January 18, 2016, by former investigators retained by FBME's legal counsel (the "Comment"), and related affidavits and exhibits previously submitted in August 2015 by the same former investigators (the "Affidavits" and, together with the Comment, the "Privileged Materials"). FinCEN continues to oppose this request, ECF 67, and FBME hereby replies.

## ARGUMENT

### A. Plaintiffs' Motion To Supplement Administrative Record Is Consistent With Past Actions

Ever since FBME became aware of the Privileged Materials, FBME has sought to prevent FinCEN from reviewing, using, or publishing them. ECF 52, Ex. C at 1 (insisting that FinCEN prevent "all U.S. government officials, attorneys, agents, and employees involved in the proposed rulemaking against FBME . . . from reviewing, discussing, or otherwise utilizing

information within or derived from the Privileged Materials"). That was evident from the correspondence between counsel that the Government cites and it remains evident now. Indeed, that is the only way for FBME to preserve vital privilege otherwise at risk. *See Bowles v. Nat'l Ass'n of Home Builders*, 224 F.R.D. 246, 253 (D.D.C. 2004) (finding that "waiver occurs only when the holder [of privilege] has failed to take reasonable steps to reclaim the protected material").

That said, FinCEN's actions in this case—its review of the Privileged Materials, its multi-month concealment, and its apparent use of the Privileged Materials in the Second Final Rule—have obliged FBME to provide the Privileged Materials to this Court for the sake of demonstrating how they tainted the Second Final Rule. FBME seeks to have the Privileged Materials added to the administrative record *only* to ensure that this Court can consider—in light of known facts combined with governing law—what FBME respectfully submits is a persisting taint. If this Court is content to adjudicate the taint issue without formally adding the Privileged Materials to the record, that is satisfactory to FBME.

The one result that should not be available—yet FinCEN seems to be advocating—is disregard of FBME's arguments as though there is no technical basis for considering the Privileged Materials as the Second Final Rule now comes before the Court. As the record before this Court reflects and FinCEN cannot deny, FinCEN *did* receive and *did* review the Privileged Materials in connection with the rulemaking. *See* ECF 67 at 3 ("After the Court granted the government's motion for voluntary remand on November 6, 2015, FinCEN reviewed the [Affidavits] related to FBME."). Yet FinCEN did *not* then recuse and did *not* then entertain inquiry into any resulting taint. The only question at this point is how this Court should take cognizance of these known facts; it cannot be blind to them. Accordingly, we continue to

submit that inclusion of the materials in the administrative record is the most straightforward, appropriate mechanism for setting up judicial review under relevant precedents.

### B. The Privileged Materials Are Part of the Administrative Record

As an initial matter, the Government ignores the line of authority teaching that comments timely received during a comment period typically are part of the administrative record. *E.g.*, *Perez v. Mortgage Bankers Ass'n*, 135 S.Ct. 1199, 1203 (2015) ("An agency must consider and respond to significant comments received during the period for public comment."); *Cape Cod Hospital v. Sebelius*, 630 F.3d 203, 211 (D.C. Cir. 2011). Furthermore, FinCEN concedes that it reviewed the Privileged Materials. ECF 67 at 3; *id.* at 6 ("FinCEN has stated that its employees reviewed the materials to decide whether they were 'appropriate for consideration on remand.'").

The Government nonetheless contends that the Privileged Materials "were not considered, . . . were not used to develop any leads, and were never seen by the ultimate decisionmaker for the March 30, 2016 Rule." ECF 67 at 4. The sole support for this assertion is the declaration of Richard May, the Director of the Office of Special Measures within the Enforcement Division of FinCEN. *Id.* at 4. But the May Declaration is wholly conclusory, simply stating in the span of its two key sentences that "FinCEN employees did not consider these materials in the course of the rulemaking or use them to develop any investigative leads. . . . The [Privileged Materials] were never seen by the ultimate decisionmaker for the March 30, 2016 Final Rule related to FBME." ECF 67-1 at 2. Because those two sentences are unsupported by relevant documentation or even recitation of specific facts, their blank conclusions cannot satisfy this Court's review. *See Vaughn v. Rosen*, 484 F.2d 820, 826–28 (D.C. Cir. 1973) (holding that a conclusory affidavit was insufficient to determine whether documents were subject to disclosure under the Freedom of Information Act).

Furthermore, it is readily apparent that certain statements in the May Declaration are, by their nature, well beyond his personal knowledge. Mr. May declares that "the ultimate decisionmaker"—unnamed by Mr. May but presumably Mr. Jamal El-Hindi, the person who signed the Second Final Rule, 81 Fed. Reg. 18480, 18489 (Mar. 31, 2016)—did not review the Privileged Materials. This statement must be speculative and/or based on hearsay from Mr. El-Hindi. No reason has been suggested as to why Mr. El-Hindi could not supply his own declaration, as Ms. Jennifer Shasky-Calvery did during the preliminary injunction briefing, *see* ECF 20. The May Declaration is therefore invalid. *See* Federal Rule of Civil Procedure 56(c)(4) ("An affidavit or declaration used to support or oppose a motion must be made on personal knowledge. . . ."); Federal Rule of Evidence 602 (witness must have personal knowledge).

Nor is there any indication how Mr. May squares his statement that "FinCEN employees did not consider" the Privileged Materials with the fact that an unspecified number of them concededly *did* receive and *did* review the materials *specifically* in connection with the rulemaking. *See* ECF 67 at 6 ("FinCEN has stated that its employees reviewed the materials to decide whether they were 'appropriate for consideration on remand.'"). Certainly Mr. May has not identified any procedures, protocols, or rules that guarded against consideration. Nor has he specified any inquiries, statements, documents, or sources that have led him to his conclusion. Nor has he defined what he means by "considered" in this context. Such specifics are vital but missing, and Mr. Mays' testimony cannot be credited without them.

Needless to say, Mr. Mays' controversial, question-begging declaration would be good grist for cross-examination at a full-blown evidentiary hearing, along with examinations of the relevant FinCEN personnel for whom he purports to speak. At the very least, Mr. May should

be cross-examined here and now (whether live or in deposition) before his testimony can be credited. For this reason, FBME is simultaneously filing today a motion to depose or cross-examine Mr. May, or, in the alternative, to strike his declaration.

Whatever Mr. May asserts at that point, his assertions do not supplant governing D.C. Circuit law that calls for an evidentiary hearing in this circumstance, where the rulemaking has been exposed to potential taint. *E.g.*, *Professional Air Traffic Controllers Organization v. FLRA*, 672 F.2d 109, 113 & n.7 (D.C. Cir. 1982); *Home Box Office, Inc. v. FCC*, 567 F.2d 9, 58–59 (D.C. Cir. 1977); *Sangamon Valley Television Corp. v. United States*, 269 F.2d 221, 225 (D.C. Cir. 1959). By no means should a federal agency be permitted to stave off the requisite evidentiary hearing into taint through the easy expedient of filing a conclusory declaration disclaiming such taint.

If anything, there are especially strong indications in this case that FinCEN relied on the Privileged Materials in the Second Final Rule. The Privileged Materials remain the only discernible source of the Second Final Rule's vague but critical allegation that "in late 2014, FBME employees took various measures to obscure information." 81 Fed. Reg. at 18482, 18486, 18489; s*ee* ECF 62-1 at 27. Although the Government continues to insist (without explanation) that FinCEN did not rely on the Privileged Materials,[1] it falls well short of identifying a satisfying basis for excluding from the administrative record materials that went

[1] The Government continues to hide the ball even when it comes to this briefing. In response to FBME's observation that FinCEN's key conclusion appears to be drawn from the Privileged Materials (for FinCEN has identified no other source), the Government has punted, saying only that it "will respond to this assertion in its responsive summary judgment pleading." ECF 67 at 8. The Government arrives at that stance keenly aware that FBME will have no opportunity to reply consistent with the established summary-judgment briefing schedule. In this respect, too, the Government remains perversely faithful to the agency's administrative process.

before the agency, were reviewed by the agency, and directly correspond with the view taken by the agency.

Finally, even assuming that the "ultimate decisionmaker" did not review or rely on the Privileged Materials, the rulemaking is still subject to taint. *Cf. Gomez v. Vernon*, 255 F.3d 1118, 1134 (9th Cir. 2001). Neither the Government nor Mr. May provides information about who reviewed the materials; contributed to the Second Final Rule; contributed to the memorandum supporting the Second Final Rule; and contributed any other inputs that may have influenced (and perhaps even been adopted by) the ultimate decisionmaker. Nor does the Government or Mr. May address the myriad forms of communication—including emails, telephone calls, in-person meetings, and offhand conversations—in which the content of the Privileged Materials or conclusions drawn from them may have been shared. For those reasons, even if the Privileged Materials in their native form did not "pass[] before the eyes" of the ultimate decisionmaker, there remains every indication that "the decisionmaker *constructively* considered" the Privileged Materials. *Health v. Burwell*, 126 F. Supp. 3d 28, 59 (D.D.C. 2015) (emphasis added). At the very least, there is good reason to think that the Privileged Materials "might have influenced" the final agency action. *Id.* at 58–59. Accordingly, the Privileged Materials belong in the administrative record and, in any event, deserve the Court's consideration to the extent they evince possible defects.

## CONCLUSION

For the foregoing reasons, and the reasons set forth in the motion to supplement the administrative record, Plaintiffs FBME Bank Ltd. and FBME Ltd. respectfully request that the Court grant the motion and order that the administrative record be supplemented with the Privileged Materials, even as they remain sealed.

Dated: May 23, 2016

Respectfully submitted,

QUINN EMANUEL URQUHART &
SULLIVAN LLP

*/s/ Derek L. Shaffer*
Derek L. Shaffer (D.C. Bar No. 478775)
William A. Burck (D.C. Bar No. 979677)
Lauren H. Dickie (IL Bar No. 6286037)
Jonathan G. Cooper (D.C. Bar No. 999764)
777 Sixth Street NW, 11th Floor
Washington, DC 20001
(202) 538-8000

HOGAN LOVELLS US LLP

*/S/ Peter S. Spivack*
Peter S. Spivack (D.C. Bar No. 453731)
J. Evans Rice III (D.C. Bar No. 481768)
555 Thirteenth Street NW
Washington, DC 20004
(202) 637-5600

*Attorneys for Plaintiffs*
*FBME Bank Ltd. and FBME Ltd.*

## CERTIFICATE OF SERVICE

I certify that on May 23, 2016, I electronically filed the foregoing Motion with the Clerk of the Court using the Court's ECF system, which will send notice of this filing to all parties.

*/s/ Derek L. Shaffer*
Derek L. Shaffer