**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| FBME, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. 15-1270 |
| Jacob LEW, in his capacity as SECRETARY OF THE TREASURY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO DEPOSE AGENCY DECLARANT OR TO STRIKE AGENCY DECLARATION**

## INTRODUCTION

Plaintiffs have filed yet another motion related to the adequacy and completeness of the administrative record, outside of the filings permitted by this Court's summary judgment briefing schedule and the applicable page limitations. This time, Plaintiffs seek the opportunity to depose or cross-examine the agency declarant who certified the record and confirmed that the agency did not consider materials that Plaintiffs had identified as privileged. Plaintiffs' motion is meritless and devoid of citation to relevant case law.

In accordance with this Court's April 6, 2016 Order, Defendants provided Plaintiffs with a certification of the administrative record, as well as the record itself, on April 22, 2016. *See* Errata & Certification, ECF 74-1. On April 29, 2016, Plaintiffs filed a motion seeking supplementation of the administrative record. *See* Pls.' Mot. to Supplement the Admin. R., ECF No. 64 ("Pls.' Mot. to Supplement"). Defendants filed their opposition to this motion on May 16, 2016. Defs.' Opp'n to Pls.' Mot. to Supplement, ECF No. 67. In that opposition, in order to respond to unfounded accusations by the Plaintiffs that the agency inappropriately failed to

include certain documents ("the Disputed Materials") that Plaintiffs had previously claimed were privileged and in no way appropriate for consideration, Defendants provided an additional declaration specifically explaining that the Disputed Materials were not considered by the agency or seen by the final decisionmaker who signed the Final Rule. Decl. of Richard May, ECF 67-1 ("May Decl."). Such background declarations explaining process are entirely appropriate and routine in Administrative Procedure Act ("APA") cases. Here, the declarant Richard May is the Director of the Office of Special Measures at the Financial Crimes Enforcement Network ("FinCEN"); Plaintiffs are challenging the imposition of a special measure. Mr. May provided the certification for FinCEN's record and thus had ample basis to attest to the information in his declaration. Such submissions are entitled to a presumption of good faith. Mr. May's attestation conclusively establishes that the Disputed Materials were not considered by the agency, or even seen by the decisionmaker.

In response, Plaintiffs ignore the standards for discovery in APA cases and instead attempt to manufacture some ambiguity or impropriety in the May declaration. No such ambiguity or impropriety exists. Plaintiffs' speculation that FinCEN was somehow irretrievably "tainted" by the receipt of submissions from their alleged former contractors has no factual or legal basis. The agency declined to consider in any way the materials that the Plaintiffs alleged were privileged, as confirmed by the certification of the administrative record and by a separate declaration from the individual who certified the record. The Court should deny Plaintiffs' motion.

## STANDARD OF REVIEW

A challenge to agency action is reviewed on the basis of an administrative record – the evidence considered by the decisionmaker at the time the decision was made. *See Fla. Power &*

*Light Co. v. Lorion*, 470 U.S. 729, 743–44 (1985); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402 (1971). "The APA limits judicial review to the administrative record except when there has been a strong showing of bad faith or improper behavior or when the record is so bare that it prevents effective judicial review." *Theodore Roosevelt Conservation P'ship v. Salazar*, 616 F.3d 497, 514 (D.C. Cir. 2010) (quoting *Commercial Drapery Contractors, Inc. v. United States*, 133 F.3d 1, 7 (D.C. Cir. 1998)). "The agency enjoys a presumption that it properly designated the administrative record, and the record will not be supplemented absent clear evidence to the contrary." *Safari Club Int'l v. Jewell*, 111 F. Supp. 3d 1, 4 (D.D.C. 2015); *Calloway v. Harvey*, 590 F. Supp. 2d 29, 37 (D.D.C. 2008) ("There is a standard presumption that the [administrative] agency properly designated the Administrative Record."); *see also* Defs.' Opp'n to Pls.' Mot. to Supplement, ECF No. 67. To carry the heavy burden on a plaintiff who seeks supplementation, Plaintiffs "must identify reasonable, non-speculative grounds for [their] belief that the documents were considered by the agency and not included in the record." *Safari Club Int'l*, 111 F. Supp. 3d at 4. Plaintiffs cannot simply "imply that the documents at issue were in the [agency's] possession. Rather, plaintiff[s] must prove that the documents were before the actual decisionmakers involved in the determination." *Id.* (citations omitted). *See also Banner Health v. Burwell,* 126 F. Supp. 3d 28, 59 (D.D.C. 2015) (information not before the final decisionmaker is only deemed "considered" if "integral" to the final reasoning and analysis).

In addition to the certified record, courts routinely consider declarations by the agency that illuminate the agency's reasoning or provide background information (without relying on "post-hoc rationalizations"). *See Clifford v. Pena,* 77 F.3d 1414, 1418 (D.C. Cir. 1996) (permitting introduction of agency declaration, in addition to the administrative record, as

"background information"); *see also Olivares v. Transp. Security Admin.*, No. 15-1001, 2016 WL 1535072, at *7 (D.C. Cir. Apr. 15, 2016) (considering declaration which explained agency decisionmaking process).

Discovery, on the other hand, is extraordinary and rare in APA cases. Discovery into an agency's decisionmaking process typically is limited to two exceptional circumstances: first, "when the record is so bare that it prevents effective judicial review," *Baptist Mem'l Hosp. Golden Triangle v. Sebelius*, 566 F.3d 226, 230 (D.C. Cir. 2009); and second, when there is a "strong showing of bad faith or improper behavior." *Overton Park*, 401 U.S. at 420. *See generally Theodore Roosevelt Conservation P'ship*, 616 F.3d at 515; *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996); *Delta Air Lines, Inc. v. Exp.-Imp. Bank of United States*, 85 F. Supp. 3d 387, 427-28 (D.D.C. 2015).

## ARGUMENT

Plaintiffs previously moved to supplement the administrative record to include the Disputed Materials. *See* Pls.' Mot. to Supplement. In their opposition to that motion, Defendants pointed out that Plaintiffs have not and cannot overcome the strong presumption that the record was properly designated by the agency. *See generally* Defs.' Opp'n to Pls.' Mot. to Supplement. But, in light of Plaintiffs' specific objection to the content of the record, Defendants also submitted an additional declaration from the FinCEN Director of the Office of Special Measures (Mr. May) to confirm a single point implicated by Plaintiffs' motion – that FinCEN did not consider the Disputed Materials during the course of the reopened rulemaking. *See* May Decl. This declaration was not a necessary component of Defendants' opposition to Plaintiffs' motion, *see* Defs. Opp. to Pls. Motion to Supplement at 6 n.5 (certification alone "suffices to set forth what is part of the record"), but Defendants included the declaration

nonetheless "in the interest of minimizing the burden posed by Plaintiffs' motion to supplement[.]" *Id.* In the declaration, Mr. May explains how FinCEN received the Disputed Materials, that FinCEN could not assess the credibility of the materials, and that FinCEN decided not to consider them as part of the rulemaking. *Id*. And he further elaborates that the Disputed Materials were not used to develop investigative leads or shared with the ultimate decisonmaker. *Id*. Accordingly, the Disputed Materials were not included in the administrative record. *Safari Club Int'l*, 111 F. Supp. 3d at 4.[1]

Plaintiffs now move that the Court permit them to depose Mr. May or, alternatively, that the Court strike the declaration. But Plaintiffs do not even attempt to engage the relevant standards for discovery in an APA case, such as showing bad faith or a record so deficient as to preclude judicial review. Plaintiffs have put forward no evidence that might establish the strong showing necessary for such a motion. Instead of addressing the standards governing their extraordinary motion, Plaintiffs make a series of unrelated arguments, none of which suggests bad faith or a record so deficient as to preclude review. The Court need look no further to deny Plaintiffs' motion. But even taken on their own terms, Plaintiffs' arguments are devoid of merit.

First, Plaintiffs argue that Mr. May's declaration is "conclusory" and lacking in "personal knowledge." *See* Pls.' Mot. to Depose at 3 (citing Fed. R. Civ. P. 56), ECF No. 72. This is patently incorrect. The Director of the Office of Special Measures has personal knowledge of the information reviewed and transmitted by his office in connection with this rulemaking (related, of course, to the imposition of a special measure), and Mr. May indicated his familiarity

[1] Plaintiffs do not address the original certification of the administrative record, provided to them on April 22, 2016, which was explicitly relied upon in Defendants' Opposition to the Motion to Supplement. *See* Errata & Certification; Defs.' Opp'n to Pls.' Mot. to Supplement 6. The Court could resolve Plaintiffs' motion to supplement without any reference to Mr. May's declaration (thereby mooting Plaintiffs' motion to depose or in the alternative to strike). Defs.' Opp'n to Pls.' Mot. to Supplement 7.

with this specific rulemaking. May Decl. ¶ 1. Moreover, it strains credulity to suggest that FinCEN's Director of the Office of Special Measures "cannot know" that the final decisionmaker did not review the Disputed Materials." Pls.' Mot. to Depose at 3. One would expect this official to have personal familiarity with the contents of an administrative record for the imposition of a special measure, as attested in his declaration. Deputy Director Jamal El-Hindi reviewed the record as it was certified and submitted to the Court (including the *ex parte* portions of the record). *See* May Certification, ECF No. 74-1 (certifying the record); *see also* Declaration of Jennifer Shasky Calvery Decl. ¶¶ 28-30, ECF No. 20 ("Calvery Decl.") (describing the administrative process in Section 311 matters). This is precisely the sort of background procedural information routinely included in agency declarations. *See Olivares*, 2016 WL 1535072, at *7.

Second, Plaintiffs assert that "D.C. Circuit law requires an evidentiary hearing in any such case where a rule-making may have been tainted." *See* Pls.' Mot. to Depose at 3. As discussed in the Defendants' Opposition to Plaintiffs' Motion for Summary Judgment, these authorities are not remotely on point (and primarily involve improper *ex parte* communications). *See* Defs.' Opp'n to Pls.' Mot. for Summ. J. at 12-15, ECF No. 73. In any event, Plaintiffs have not put forward any facts that would support a finding of taint. The parties do not contest that the Disputed Materials were sent to the agency. (Indeed, it was Defendants who informed Plaintiffs that the Disputed Materials were in the Government's possession.) However, Plaintiffs have put forward no declarations, documents, inferences or arguments that might support a finding that these materials were part of the administrative record. They certainly have not made

the clear showing of bad faith necessary to trigger discovery in an APA action. There is no evidentiary dispute to be heard.[2]

Plaintiffs also appear confused about the meanings of common English words "consider" and "decisionmaker." Pls.' Mot. to Depose at 4-5. For example, Plaintiffs claim that there is some conflict between Mr. May's statement that the Disputed Materials were not "considered" by FinCEN and his statement that at some point agency staff looked at the Disputed Materials to decide whether they were appropriate for consideration (rather than simply throwing them away, unopened). But agencies look at a great many intelligence reports, news articles, documents and other diverse material that could in theory relate to a rulemaking, and not everything arguably related in some way is included in a record. *See, e.g.*, *James Madison Ltd. by Hecht*, 82 F.3d at 1095; *Safari Club Int'l*, 111 F. Supp. 3d at 4. An administrative record certainly does not include every bit of information that mentions the subject of the rulemaking, regardless whether it was considered.

With respect to the "decisionmaker," FinCEN Deputy Director El-Hindi, who was acting in the stead of the FinCEN Director at the time, was the decisionmaker for the 2016 Final Rule. *See* 81 Fed. Reg. 18480, 18494; AR0001 (memorandum addressed to Deputy Director). Plaintiffs imply, without citation, that it was somehow appropriate or necessary for him to submit a declaration. It is hard to fathom a legal basis for *requiring* the agency to put in additional extra-record evidence, and in any event, there is already a declaration in the court record from the then-Director providing the background information explaining the general purpose and process for Section 311 designations. *See generally* Calvery Decl. Such information is also

[2] Confusingly, Plaintiffs also suggest that extra-record proceedings are appropriate at the preliminary injunction stage. *See* Pls.' Mot. at 3-4. There is no pending preliminary injunction motion in this matter, which has proceeded to summary judgment. In any event, even an emergency motion would not warrant discovery in an APA case where the full record was compiled and certified and filed with the Court.

reflected in this Court's 28–page opinion on Plaintiffs' motion for a preliminary injunction. *See* ECF No. 33. In an effort to manufacture ambiguity, Plaintiffs argue that the May declaration does not "illuminate who else at FinCEN reviewed the" Disputed Materials and whether such individuals "contributed to the memorandum" or the Final Rule. *See* Pls.' Mot. to Depose at 4-5. The fact that the declaration does not discuss those that may have reviewed the Disputed Materials is irrelevant. An agency official with personal knowledge declared as to the content of the administrative record. He further confirmed that FinCEN overall could not assess the credibility of the Disputed Materials, and thus, they formed no part of the agency's analysis. Because Mr. El-Hindi never saw the Disputed Materials, they formed no part of his decision. And because the relevant agency staff specifically decided not to consider them, there is no evidence whatsoever to support a conclusion that the Disputed Materials formed some significant part of the agency's review.[3]

Finally, Plaintiffs conclude that FinCEN cannot rely on its account of "contested facts" at summary judgment, but Plaintiffs have not put forward any evidence contesting facts with respect to the Disputed Materials. FinCEN received the two tranches of Disputed Materials from the purported investigators and decided they should not inform the agency's rulemaking. Plaintiffs argue that FinCEN cannot have excluded the Disputed Materials because FinCEN received and saw them. Plaintiffs' attempt to invent ambiguity is directly contradicted by the competent sworn testimony of an agency declarant and by the presumption of good faith owed to the agency's designation of the administrative record. Plaintiffs' unsupported assertions do not

[3] In the alternative, Plaintiffs suggest striking the May Declaration. If Plaintiffs' suggestions of incompetence or inadequacy had any merit – and they do not – their motion to supplement can be denied without reference to the May Declaration. *See supra* n.1. In any event, the appropriate remedy would be seeking a further clarifying declaration from the agency, and if the Court found a prejudicial error, remand for supplementation of the record and consideration of additional material. In no event would the proper remedy be discovery or cross-examination.

make a "strong showing" of bad faith or demonstrate a record so deficient as to preclude judicial review.

**CONCLUSION**

For these reasons, Plaintiffs' motion should be denied.

Dated: May 31, 2016

Respectfully Submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

DIANE KELLEHER
Assistant Branch Director, Federal Programs Branch

*/s/Amy E. Powell*
AMY E. POWELL
Trial Attorney
U.S. Department of Justice, Civil Division
Federal Programs Branch
20 Massachusetts Ave., N.W., Room 5377
Washington, D.C. 20530
Tel.: (202) 514-9836
Fax.: (202) 616-8470
Email: amy.powell@usdoj.gov

## CERTIFICATION OF SERVICE

I hereby certify that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants by First Class Mail, on the 31st of May 2016.

*/s/Amy E. Powell*
AMY POWELL
May 31, 2016