IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FBME, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) Case No. 15-1270 |
| Jacob LEW, in his capacity as SECRETARY | ) |
| OF THE TREASURY, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS' RENEWED MOTION FOR SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, Defendants hereby renew their motion for summary judgment on the grounds that there are no genuine issues of material fact and Defendants are entitled to judgment as a matter of law. *See* ECF No. 61. This motion is based on the previously submitted materials, as well as the following points.

(1) On March 31, 2016, following an extensive re-opened rulemaking, the Financial Crimes Enforcement Network ("FinCEN") published the Second Final Rule, explaining that Plaintiff FBME Bank Ltd. ("FBME") continues to be an institution of primary money laundering concern and imposing a prohibition on U.S. financial institutions from opening or maintaining correspondent accounts for or on behalf of FBME pursuant to the fifth special measure of Section 311 of the USA PATRIOT Act. 81 Fed. Reg. 18480 (Mar. 31, 2016). The Second Final Rule relied on, *inter alia*, evidence of FBME's facilitation of financial activity involving narcotics trafficking, terrorism, transnational organized crime and other criminal or sanctioned entities and individuals, as well as the agency's analysis of FBME's weak anti-money laundering

1

controls and certain suspicious activity associated with FBME.  *See id*; *see generally* ECF No. 61.

(2) Upon consideration of the parties' cross-motions for summary judgment, on September 20, 2016, the Court granted in part and denied in part Defendants' Motion for Summary Judgment.  *See* ECF Nos. 83, 84.  The Court found that certain errors in notice to FBME were ultimately harmless, and that FinCEN undertook all statutorily required consultations.  *See* ECF No. 83 at 12-34.  The Court further found that FBME failed to demonstrate entitlement to constitutional due process and in any event received all process that was due.  *Id*. at 34-43.  With respect to FBME's other arguments that the Second Final Rule was arbitrary and capricious, the Court held that FinCEN's reasoning in support of the Rule was "largely sound" and rejected most of the Bank's arguments against the rule.  *See* ECF No. 83 at 12, 49-62.

(3) Nonetheless, the Court found that "FinCEN failed adequately to respond to certain significant comments made by FBME concerning the agency's reliance on data drawn from Suspicious Activity Reports ('SARs') submitted by other financial institutions concerning transactions with the Bank."  ECF No. 83 at 12.  In particular, the Court identified four FBME comments that in its view lacked an adequate response by FinCEN: (1) that SARS are overinclusive and sweep in legitimate activity; (2) that the suspicious activity was a small portion of the Bank's overall activity; (3) that FinCEN failed to consider alternative explanations for the increase in SARs involving FBME between April 2013-April 2014; and (4) that FinCEN failed to compare FBME's suspicious activity to that of other banks.  *Id*. at 44-49.  The Court, however, declined to vacate the Second Final Rule and remanded so that FinCEN could provide further explanation in response to these comments.  Among other considerations, the Court found a

"substantial probability that FinCEN could respond adequately to FBME's comments that call into question whether FinCEN could fairly rely on aggregate SARs data for the conclusions it drew about FBME and its relative standing as a bad actor in comparison with other foreign financial institutions." *Id*. at 63.

(4) On remand, FinCEN reviewed these comments again and on November 23, 2016, submitted to the Federal Register a supplement to the Second Final Rule, which was published on December 1, 2016. *See* Supplemental Information Regarding the Final Rule Imposing the Fifth Special Measure Against FBME Bank, Ltd., 81 Fed. Reg 86577 (Dec. 1, 2016), attached hereto as Exhibit 1. This Supplement is directly responsive to the Court's order to provide an adequate explanation with respect to the issues described above.

Under the Administrative Procedure Act, an agency must consider and respond to significant comments received during the period for public comment. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971); *Thompson v. Clark*, 741 F.2d 401, 408 (D.C. Cir. 1984). An agency's obligation to respond, however, is not "particularly demanding," *Ass'n of Private Sector Colleges & Universities v. Duncan*, 681 F.3d 427, 441–42 (D.C. Cir. 2012); *Pub. Citizen, Inc. v. Fed. Aviation Admin*., 988 F.2d 186, 197 (D.C. Cir. 1993), and an explanation is sufficient "if the agency's path may reasonably be discerned." *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 497 (2004). The agency's response to significant public comments need only "enable us to see what major issues of policy were ventilated ... and why the agency reacted to them as it did." *Pub. Citizen, Inc*., 988 F.2d at 197.

The Supplement fully comports with these requirements, particularly given the deference due to FinCEN's expertise with respect to concerns related to its analysis of suspicious activity reporting. The Supplement enables the public to understand why and how it considered and

3

ultimately rejected FBME's comments regarding its suspicious activity on the basis of the record before it. The Court should therefore enter judgment for Defendants in this matter.

Dated: December 12, 2016

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

CHANNING D. PHILLIPS
United States Attorney

JOSEPH H. HUNT
Director

DIANE KELLEHER
Assistant Branch Director

LYNN Y. LEE
AMY E. POWELL
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 305-0531
Fax: (202) 616-8470
Email: lynn.lee@usdoj.gov

*Attorneys for Defendants*